| UNITED STATES DISTRICT COURT | MAGISTRATE JUDGE'S MINUTES |
|---|---|
| DISTRICT OF ARIZONA - TUCSON | |

DATE: 5/7/2012       CASE NUMBER:   CR 12-00090-TUC-DCB(GEE)

USA vs.  Mario Andres Talamante-Rodriguez

DEFENDANT:  ☒ PRESENT   ☐ NOT PRESENT   ☐ RELEASED   ☒ CUSTODY

U.S. MAGISTRATE JUDGE:  BERNARDO P. VELASCO   Judge #: 70BJ

U.S. Attorney  James McGhee                    INTERPRETER REQ'D   Beatriz Senor

Attorney for Defendant  Adrian Hall            ☒ Appt  ☐ Ret  ☐ FPD  ☐ Spec Appr

MOTION TO SUPPRESS:

Government calls Border Patrol Agent Luis Morales to the Stand.

Mr. Morales is sworn and examined.

Defense calls witnesses Mario Andres Talamante-Rodriguez and Gilbert Duron.

Both witnesses are sworn and examined.

Defense moves to admit defense marked exhibits 1-16.  Court admits exhibits.  (see exhibit list).

Original admitted exhibits and Report and Recommendation sent to District Judge Bury.

THE COURT REPORTS AND RECOMMENDS AS FOLLOWS:

Border Patrol agent Luis Morales on December 16, 2011, at approximately 8:05 a.m. was traveling eastbound on Federal State Route 58.  He received a radio transmission indicating that other agents had discovered a brushout that a vehicle had run the international boundary.  The transmission did not indicate where, what time, or any direction taken by the ramping vehicle.

Agent Morales continued to travel along FSR 58 until he spotted a blue Dodge Ram traveling in his rear direction.  Agent Morales waved at the driver in the approaching vehicle in a friendly manner.  Morales further testified that he was surprised the driver stopped.  The defendant testified that he observed Agent Morales signal to him in a manner that suggested that he should stop, by a hand gesture with an open palm pushing down towards the ground.  After the vehicles pulled into close proximity of each other, Agent Morales recognized the defendant as an individual who had been involved in a seizure of marijuana involving two white Chevrolet pickup trucks.  This occurred in August of 2011. Based upon that encounter, Agent Morales made a decision to question the defendant.  Agent Morales moved his vehicle to the same side of the road so that both vehicles had the rear ends facing each other.  The defendant stated that he was coming from a ranch house near Lochiel. Agent Morales called for a registration check of the vehicle and received information that the vehicle was not registered to the defendant. The vehicle was registered to someone else and there seemed to be some kind of deficiency in the registration.  During this period of time, the Agent indicated he could smell a strong order of marijuana coming from the defendant's vehicle.  He approached the defendant, asked for consent to search, and consent was given.  The agent did not discover or smell anything inside the vehicle. Agent Morales then moved to the rear of the truck.  He lowered the tailgate, which he felt was heavy.

The weight of the tailgate and the odor of the marijuana resulted in the Agents detaining the defendant and requesting K-9 assistance.  The assistance arrived approximately 25 minutes after the initial stop.  K-9 alerted to the vehicle and the defendant was arrested and his rights were read.  Agents later discovered 422 bundles of marijuana in the vehicle.  Contrary to his opinion, Agent Morales does not have any idea what vehicles belong in the area. The information related to the brushout was generalized and non-specific so as to be suggestive with respect to the defendant.  The Court is required to decide whether the hand gesture of Agent Morales was a gesture of friendliness or a gesture that the oncoming traffic needed to slow down or stop.

It is the Court's determination, in view of Agent Morales' testimony, that he was surprised that the vehicle stopped when he made a friendly gesture. As a result of the defendant's voluntary decision to stop, the Court finds that the odor of marijuana was sufficient to justify further detention for the K-9 inspection.  The Court further finds that the Government's testimony of pseudo registration is insufficient to be considered a factor for detention of the defendant.

It is the recommendation of this Court that the District Court, after his independent review and consideration, enter an Order DENYING the defendant's Motion to Suppress.  Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen days from the date of this Report and Recommendation to file written objection to these findings and recommendations with the District Court Any objections should be filed as CR 12-00090-TUC-DCB.

_Bernardo P. Velasco_
Bernardo P. Velasco
United States Magistrate Judge

Recorded by Courtsmart/ECRO
BY:   Tiffany Dame
Deputy Clerk

Mtn:   1 hour 40 minutes